# O. J. Morgan *v.* Thomas J. Diskin, Appellant.

*Principal and agent—Assumpsit—Money had and received—Affidavit of defense—Insufficiency—Agreement of sale of real estate—Default.*

In an action of assumpsit for money had and received by defendant as agent, to be applied in payment of a mortgage, judgment in favor of the plaintiff for want of a sufficient affidavit of defense, will be sustained, where the defense consisted of an averment of the retention of the money in question under an agreement of sale of real estate in another transaction, in which the defendant had defaulted.

Argued April 16, 1923. Appeal, No. 80, April T., 1923, by defendant, from judgment of C. P. Westmoreland County, Aug. T., 1922, No. 685, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of O. J. Morgan v. Thomas J. Diskin. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before DOM, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the judgment of the court, quoting it.

*Lewis C. Walkinshaw,* for appellant.

*John J. Kennedy,* and with him *Harry E. Cope,* for appellee.

OPINION BY LINN, J., July 12, 1923:

This appeal challenges a judgment entered for want of a sufficient affidavit of defense. Plaintiff sued for $550 which he alleged he gave defendant, his real estate agent, about April 1, 1920, to pay to the holder of a mortgage on premises then purchased by plaintiff through the agent, subject to the mortgage. Defendant concedes so receiving the money, and its nonpayment on the mortgage, but avers another transaction between him and plaintiff as justifying the temporary retention of the money.

He avers that on January 31, 1920, plaintiff agreed to sell certain real estate to one Richer, and that on March 29, 1920, Richer assigned his rights under the agreement to defendant, and that on April 1, 1920, plaintiff agreed with defendant that "if any defects cloud my [plaintiff's] title to property conveyed in said agreement [with Richer], said payment of $550 is not to be credited to the Coontz mortgage until all defects are corrected." That agreement of sale provided for its consummation within a reasonable time. It does not appear that defendant did anything to comply with his agreement to buy, though more than two years elapsed before that suit was brought; for aught that appears he is in default and without any rights under the assignment; he gives no reason for not going ahead. Having defaulted in that agreement, the condition on which the $550 was to be held temporarily became inoperative and ceased to be an element in the case; his affidavit of defense states no right longer to retain it.

Judgment affirmed.